```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

UNITED STATES OF AMERICA      )
                              )
      v.                      )   CRIMINAL NO. 06-10239-RCL
                              )
JEROME COLEMAN                )

         DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION
                     TO OBTAIN DNA SAMPLE

Defendant, Jerome Coleman, asks the Court to deny the government's motion to take "up to five" buccal swabs from inside the defendant's mouth.  As grounds, defendant states that the government has not established a "clear indication" that evidence of a crime will be found by the intrusion, see *United States v. Goodridge*, 945 F.Supp. 371 (D. Mass. 1996), because the government has not established that it has items with DNA on them to compare to the defendant's DNA.  In addition, the affidavit authored by the Special Agent and attached to the motion contradicts in important respects police reports concerning discovery of the evidence.  The affidavit does not establish probable cause to believe that the DNA samples it seeks will yield evidence of the crime charged in the indictment.

                           ARGUMENT

I.   The Government Has Failed to Demonstrate a "Clear Indication" that Evidence of a Crime Will Be Found by the Requested Intrusion.

In its motion, the government cites cases having to do with the routine DNA testing of convicted criminals and cases

involving other inapposite fact patterns to argue that blood testing is not intrusive and that those in custody have diminished privacy rights.  The defendant is not yet convicted of a crime in this case and is not serving a sentence, but sits in pretrial custody, presumed innocent.  Even though the buccal swabbing procedure that the government wishes to engage in may not be painful or dangerous, the defendant still has a strong privacy interest in his body.  Having someone stick a swab into one's mouth and scrape cells from the inside of one's cheek "plainly involves the broadly conceived reach of a search and seizure under the Fourth Amendment."  *Schmerber v. California*, 384 U.S. 757, 762 (1966).  In *Schmerber*, the Supreme Court held that with regard to searches which entail a physical intrusion, such as the search the government wishes to conduct here, "the interests in human dignity and privacy which the Fourth Amendment protects forbid any such intrusions on the mere chance that desired evidence might be obtained."  *Id*. at 769-770.  Rather, there must be a "clear indication" that evidence connecting the defendant to a crime will be found before any search is made. *Id.*; see *Goodridge*, *supra*, 945 F.Supp. at 373.  The Court in *Goodridge* explained that the "clear indication" test is akin to the probable cause requirement for a search warrant:  "As the Supreme Court noted in *Schmerber*, 'search warrants are ordinarily

required for searches of dwellings, and absent an emergency, no less could be required where intrusions into the human body are concerned.'" *Goodridge*, *supra* at 373, quoting *Schmerber*, *supra* at 770.

The government states in its motion that "an analysis by the Massachusetts State Police crime laboratory" indicates that it is "highly likely" that specimens taken from the shoes and clothing "contain a DNA profile." Defendant has not seen this analysis. It is not attached to the motion. Nor does the Special Agent reference this report in his affidavit attached to the motion. Counsel does not know who at the laboratory made the analysis, or what the analysis consisted of.

At a minimum, before permitting the government to swab the inside of the defendant's mouth, the government should be required to first test the items obtained on July 19, 2004 to determine whether they contain any DNA capable of being compared to defendant's DNA. Defendant's DNA has no potential evidentiary value if the clothing seized by the government does not contain DNA that yields a profile sufficient for comparison.[1]

---

[1] Requiring the government to test the evidence before obtaining the defendant's DNA would have the added benefit of excluding the possibility of the defendant's DNA, obtained by the swabbing procedure, in any way contaminating the items seized by the police.

II. <u>The Affidavit Attached to the Motion Contradicts Police Reports Concerning the Discovery of the Evidence</u>.

Special Agent Richard Donahue states in his affidavit attached to the government's Motion that

> a maintenance worker for the Sprague Energy Company at 43 Beecham Street in Everett, MA, discovered a blue and white plastic bag matching that carried by Coleman near the Galleria Mall on July 15, 2004 ... In the bag ... was a loaded .357 caliber Taurus handgun, 20 additional rounds of ammunition (for a total of 25 rounds) and three ounces of cocaine. In addition to the contraband, the bag also contained a worn pair of Nike athletic shoes (Size 10), and unlaundered sports jersey, and a towel.

Affidavit p. 3, ¶9.

Two reports provided to defendant by the government concerning the maintenance worker's finding the evidence are attached to this memorandum as exhibits 1 and 2. The first report is an Everett Police Department report which states that the maintenance worker "found a brown bag whit [sic] a white rocky substance inside and phoned the police." Then the worker found "another plastic bag containing cloths, a silver handgun, bullets, and a pair of black sneakers." (Exhibit 1, p. 1). The second report, authored by Richard Donohue, states that the maintenance worker found one "white plastic bag" that had what appeared to be cocaine in it, and after he continued looking in the "brush" he found a second bag that contained a firearm and ammunition. (Exhibit 2, pp. 1-2).

Thus, the affiant's statement that the drugs were found in the same bag as the clothing is contradicted by the government's own reports.  Further, the second report does not reference the clothing at all.

The defendant asks the Court to deny the government's motion for the reasons stated above.  In the alternative, defendant asks the Court to hold a hearing on the motion. "The importance of informed, detached and deliberate determinations of the issue whether or not to invade another's body in search of evidence of guilt is indisputable and great."  *Schmerber*, *supra*, 384 U.S. at 770.

                                JEROME COLEMAN
                                By his attorney,

                                /s/ Page Kelley
                                Page Kelley
                                B.B.O. No.: 548237
                                Federal Defender Office
                                408 Atlantic Avenue
                                Boston, MA 02110
                                (617) 223-8061


CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on May 14, 2007.

                                /s/ Page Kelley
                                Page Kelley